**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

# 15 CV 848

---

STROZ FRIEDBERG, LLC,

    *Plaintiff,*

    v.

PHOENIX HELIPARTS INC.,

    *Defendant.*

**JUDGE WOODS**

Case No.: _____

(Jury Trial Demanded)



## COMPLAINT AND DEMAND FOR JURY TRIAL

    Plaintiff Stroz Friedberg, LLC ("Stroz Friedberg"), by and through its undersigned counsel, brings this action against defendant Phoenix Heliparts Inc. ("PHP") and for its Complaint alleges as follows:

### NATURE OF THE ACTION

    1.    This lawsuit seeks redress for the refusal by PHP to satisfy its obligations to pay for services rendered under a letter agreement with Stroz Friedberg dated April 16, 2012. Specifically, PHP has failed to make approximately $575,000 in past-due payments due and payable under the Agreement.

    2.    Stroz Friedberg requests that this Court enter judgment in its favor awarding damages against PHP, including contractual and statutory pre-judgment interest, in an amount to be determined at trial but in no event less than the past-due payments, plus interest, as well as a contractually mandated award of attorneys' fees and costs incurred in connection with its collection efforts and in prosecuting this action.

## THE PARTIES

3.      Plaintiff Stroz Friedberg, LLC is a limited liability company organized under the laws of the state of New York, with its principal place of business at 32 Avenue of the Americas, 4th Floor, New York, New York 10013.  Stroz Friedberg, LLC has one member, Stroz Friedberg Inc., a Delaware corporation with its principal place of business at 32 Avenue of the Americas, 4th Floor, New York, New York 10013.

4.      Defendant PHP is a company organized under the laws of the state of Texas, with its principal place of business in Mesa, Arizona.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states, and the amount in controversy well exceeds $75,000.  Specifically, Stroz Friedberg is a citizen of New York and Delaware, and PHP is a citizen of Texas and Arizona, and the amount in controversy is in excess of $575,000.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because this action arises out of a contract made within this District and substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## FACTUAL ALLEGATIONS

### A.  Stroz Friedberg and PHP Enter Into a Letter Agreement

7.      On April 16, 2012, PHP and its outside counsel entered into a letter agreement with Stroz Friedberg pursuant to which Stroz Friedberg agreed to provide "consulting and technical services regarding the forensic imaging and analysis of digital media belonging to Phoenix Heliparts, Inc." in exchange for payment by PHP for the Services at the rates and prices

2

set forth in the letter agreement, on the timetable set forth in the letter agreement.  (See Ex. A, the "Letter Agreement".)

8.     Section (a) of the Letter Agreement provides that:  "Stroz Friedberg charges for the time devoted to the Engagement on an hourly fee basis at the rates in effect from time to time."  (*Id.* at 1.)

9.     Section (g) of the Letter Agreement provides that "Stroz Friedberg may charge for other miscellaneous expenses, fees and costs . . . ," and that "Stroz Friedberg reserves the right to pass on any reasonable legal fees and expenses that are incurred as a result of the Engagement but will notify [PHP] before such fees and expenses are incurred."  (*Id.* at 2.)

10.    Section (h) of the Letter Agreement provides that:  "Invoices are due within 30 days of the invoice date.  [PHP's outside counsel or PHP] shall notify Stroz Friedberg in writing of any disputed charges within these 30 days; otherwise Stroz Friedberg's invoices shall be deemed payable in full.  Any charges that remain undisputed and unpaid after 30 days after the invoice date will accrue interest at 1.5 percent per month."  (*Id.*)

11.    The Letter Agreement was signed by Tina Cannon, President of PHP, on behalf of PHP, and by Kenneth Mendelson, a Managing Director at Stroz Friedberg, on behalf of Stroz Friedberg.  (*Id.* at 3.)  The Letter Agreement was also signed by PHP's outside counsel.  (*Id.*)

**B.  Stroz Friedberg Provides Services to PHP**

12.    Pursuant to the terms of the Letter Agreement, Stroz Friedberg provided PHP with consulting and technical services regarding the forensic imaging and analysis of digital media belonging to PHP.

13.    The services provided by Stroz Friedberg to PHP pursuant to the terms of the Letter Agreement were related to an action captioned *TKC Aerospace, Inc. v. Phoenix Heliparts,*

3

*Inc.*, No. CV2011-018889, pending in the Superior Court of the State of Arizona, in and for the County of Maricopa (the "Action").

### C. Stroz Friedberg Is Ordered to Produce Documents

14. On Tuesday, January 29, 2013, Stroz Friedberg was ordered by the Hon. Sally S. Duncan of the Superior Court of the State of Arizona to produce a wide range of documents, including its communications with PHP's counsel relating to the Action, as well as Stroz Friedberg's work papers relating to the Action (the "Order").

15. Pursuant to the terms of the Letter Agreement, Stroz Friedberg notified PHP, through PHP's outside counsel, that Stroz Friedberg would be passing on its legal fees and expenses incurred in responding to the Order.

### D. PHP Fails To Pay Multiple Stroz Friedberg Invoices.

16. From May 2012 through February 2014, pursuant to the terms of the Letter Agreement, Stroz Friedberg submitted 21 separate invoices for services rendered and for other miscellaneous expenses, fees and costs incurred from April 2012 through February 2014 to PHP, with a copies to PHP's outside counsel.

17. Neither PHP nor its outside counsel notified Stroz Friedberg in writing of any disputed charges on any of the invoices within 30 days of the relevant invoice dates.

18. As of the date of this Compliant, the total amount due and owing to Stroz Friedberg from PHP pursuant to the undisputed invoices duly submitted by Stroz Friedberg to PHP is $576,094.36, an amount exclusive of the interest contractually owed on this outstanding sum.

19. Prior to the filing of this Complaint, Stroz Friedberg made dozens of good faith attempts to work with PHP to establish a payment plan pursuant to which PHP would establish a

clear path to payment in full, to no avail.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Breach of Contract)

20.     Stroz Friedberg repeats and realleges all of the allegations set forth in paragraphs 1-19 as if fully set forth herein.

21.     The Letter Agreement constitutes a legal, valid and binding contract between Stroz Friedberg and PHP.

22.     Stroz Friedberg has fully and timely performed all of its obligations under the Letter Agreement.

23.     At all times relevant hereto, PHP accepted the benefits of services provided by Stroz Friedberg pursuant to the terms of the Letter Agreement.

24.     PHP has failed to fully or timely satisfy its obligations under the Agreement, including but not limited to the covenant of good faith and fair dealing.  Specifically, PHP has failed to pay Stroz Friedberg amounts due and owing for services rendered under the terms of the Letter Agreement.

25.     PHP has failed to pay contractually owed interest on its outstanding invoices and Stroz Friedberg's legal fees incurred in connection with the Litigation.

26.     As a result of PHP's failure to satisfy its obligations under the Agreement, Stroz Friedberg has been damaged in an amount equal to at least $576,094.36.

### SECOND CAUSE OF ACTION
### (Account Stated)

27.     Stroz Friedberg repeats and realleges all of the allegations set forth in paragraphs 1-26 as if fully set forth herein.

28.     From April 2012 through February 2014, Stroz Friedberg rendered statements of

5

account to PHP for the months of April 2012 through January 2014, respectively. These statements were received by PHP. After receipt of these statements, neither PHP nor its outside counsel objected to the amount stated on the statements within the 30 day time period specified in the Letter Agreement.

29.     PHP has failed to satisfy its obligation to pay Stroz Friedberg pursuant to the terms of the Letter Agreement, and currently owes Stroz Friedberg $576,094.36 for amounts invoiced.

30.     As a result, Stroz Friedberg has stated an account with PHP in an amount equal to $576,094.36.

31.     PHP has refused to pay Stroz Friedberg the amounts due and owing despite multiple demands for same, and Stroz Friedberg has been damaged thereby in an amount in excess of $576,094.36.

WHEREFORE, Stroz Friedberg respectfully requests that this Court:

A.      Enter judgment in favor of Stroz Friedberg and against PHP;

B.      Award damages, including contractual and statutory pre-judgment interest, against PHP in an amount to be determined at trial but in no event less than $576,094.36;

C.      Award Stroz Friedberg its attorney's fees associated with this action pursuant to the Letter Agreement; and

D.      Order that Stroz Friedberg be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Stroz Friedberg respectfully demands a trial by jury of all issues so triable.

Dated:        New York, New York            Respectfully submitted,
              February 3, 2015

Scott D. Brown
Stroz Friedberg, LLC
160 Federal Street, 9th Floor
Boston, MA 02110
Tel. (617) 848-5650
Fax (617) 848-5660

Counsel for Plaintiff
Stroz Friedberg, LLC

**EXHIBIT A**

# STROZ FRIEDBERG

1150 Connecticut Avenue, NW, Suite 700, Washington, DC 20036

Tel: 212.981.6540  ☒  Fax: 212.981.6545  ☒  www.strozfriedberg.com

**PRIVILEGED AND CONFIDENTIAL**

ENGAGEMENT LETTER (rev 4/3/12)

VIA EMAIL

April 16, 2012

Victoria A. Kummer, Esq.
Dickstein Shapiro LLP
1633 Broadway
New York, NY  10019-6708

Dear Ms. Kummer:

Thank you for engaging Stroz Friedberg, LLC.  This letter (the "Agreement") will serve to document the terms and conditions of our engagement.

Services Dickstein Shapiro LLP ("Client") has requested that Stroz Friedberg, LLC ("Stroz Friedberg") provide consulting and technical services regarding the forensic imaging and analysis of digital media belonging to Phoenix Heliparts, Inc. ("PHP"), which is Client's client ("the Engagement").

Fees
(a) General Rates.  Stroz Friedberg charges for the time devoted to the Engagement on an hourly fee basis at rates in effect from time to time.  The current hourly rates are set forth as follows: for Forensic Examiners, $350 to $550 per hour; for Engagement Managers, including Vice Presidents, Managing Directors, and Co-Presidents, $550 to $975 per hour; and for administrative staff and lab/evidence technicians, $90 to $205 per hour.  The rate for machine time devoted to running a forensic process is $95 per hour; and utilization of EnCase Enterprise Edition, and/or our mobile electronic disclosure/discovery processing, hosting and production unit will be charged at an amount to be structured depending upon the circumstances of the deployment.  These rates apply generally to forensic imaging and analysis, technical and strategic consulting, e-discovery advice and consulting, cyber-crime response, computer security and infrastructure protection work, and travel.  The use of subcontractors, if needed, will be charged at Stroz Friedberg's rates.

(b) Electronic Discovery Services.  Upon Client's request, Stroz Friedberg will furnish electronic discovery consulting at hourly rates set forth above. Other services including early case assessment ("ECA"), full data processing (e.g., filtering for duplicates, near-duplicates, keywords and advanced data extraction), load file creation, and online hosting will be provided at prices set forth in Exhibit A.  A Statement of Work ("SOW") that specifies requested e-discovery services and terms shall also apply.

(c) Expedited Work.  In situations where expedited work is requested or required by Client, including work that must be performed over a weekend or holiday, or on an overtime basis, Stroz Friedberg reserves the right to charge for expedited service at 1.5 times its normal hourly rates for professional services.

(d) Testimony.  Written testimony or reports will be provided at normal hourly rates.  Oral testimony at deposition, hearing, or trial will be provided by Stroz Friedberg at 1.5 times its normal hourly rates. Internal peer review is part of an Engagement, and normal hourly rates will apply to any supervision of oral testimony and any internal peer review of proposed reports, affidavits, declarations or oral testimony.

(e) Retainer. Stroz Friedberg requests a retainer of $7,500 to begin work in this Engagement, which shall be retained and applied to the last invoice in this matter.  At the end of the engagement, Stroz Friedberg agrees to refund to PHP any amount of the retainer not properly applied to fees and costs incurred as of the date of termination.

(g) Miscellaneous Charges.  Stroz Friedberg may charge for other miscellaneous expenses, fees, and costs including, but not be limited to, use of forensically-prepared thumb drives or hard drives (at $50 - $400 depending on size); other computer hardware and digital media; transportation, meals, and lodging;

copies or printed documents (at $.09 per page); overnight delivery charges; storage fees for original media provided to Stroz Friedberg, after 30 days at rates up to $50 per month per item; credit check fees, and database searches. Stroz Friedberg reserves the right to pass on any reasonable legal fees and expenses that are incurred as the result of the Engagement but will notify Client before such fees and expenses are incurred.

(h) Invoices. Invoices are due within 30 days of the invoice date. Client or PHP shall notify Stroz Friedberg in writing of any disputed charges within these 30 days; otherwise Stroz Friedberg's invoices shall be deemed payable in full. Any charges that remain undisputed and unpaid 30 days after the invoice date will accrue interest at 1.5 percent per month. Stroz Friedberg reserves the right to terminate its services at any time if PHP fails to pay Stroz Friedberg's invoices on time or fails to pay a requested refresher of a retainer. Any provided estimates of fees and expenses are only estimates and are not binding.

Confidentiality
The purpose of the Engagement is to enable counsel to render legal advice to a client in anticipation of litigation, a regulatory inquiry, or an internal investigation; therefore, Stroz Friedberg's communications with Client and PHP, Stroz Friedberg's work product, and all information and data received from Client or PHP are covered by attorney-client privilege and/or attorney work product doctrine. Accordingly, Stroz Friedberg will maintain as confidential all information and data it receives from Client or PHP and will not disclose such information and data (the "Confidential Information") to any third party without Client's or PHP's prior written consent. Confidential Information does not include (1) information that has been or is, prior to the Engagement, in the public record, or is placed in the public record by Client or PHP after the Engagement begins; or (2) facts necessary to set forth in proceedings for non-payment of invoices. If Stroz Friedberg encounters what it deems to be any child pornography on any computer media delivered to it in the course of the Engagement, Stroz Friedberg reserves the right to disclose such contraband to the appropriate authorities. In such a case, Stroz Friedberg will notify Client and will discuss the nature of the disclosure.

Authority to Access Data and Indemnification
PHP authorizes Stroz Friedberg to access the data related to this Engagement and represents that such access does not violate any law or treaty. PHP agrees to hold harmless and indemnify Stroz Friedberg, including its officers, employees, and agents against all third-party claims, damages and costs including attorneys' fees and disbursements arising from the Engagement, except for actions by Stroz Friedberg, its officers, employees, and agents that are adjudicated to constitute willful misconduct or gross negligence.

Limitation of Liability and Damages
Because digital equipment/data/media are fragile and may be damaged, infected, or corrupted prior to the time Stroz Friedberg receives them, Stroz Friedberg for itself and its officers, employees, or agents will not assume responsibility for damage that may occur to the Client's or PHP's equipment/data/media prior to or during Stroz Friedberg's efforts to complete the Engagement. As such, Stroz Friedberg will not be liable for direct or indirect damages arising from harm that may occur to Client's equipment/data/media unless such damage results from the willful misconduct, fraudulent behavior or gross negligence of Stroz Friedberg or it agents, officers and employees. Any data, especially data restored from unknown sources, may contain viruses or other malware; therefore, Client and PHP assume responsibility to protect themselves with respect to the receipt of data from Stroz Friedberg or any other party and shall advise its agents and third-party recipients to take similar precautions. In no event shall Stroz Friedberg, its officers, employees, or agents be liable for damages, under any theory, beyond three times (3x) the amount paid to Stroz Friedberg under this Engagement.

Closing of Engagement
Upon written request from Client, Stroz Friedberg shall return to Client or PHP all original materials provided by Client or PHP to Stroz Friedberg, (collectively, "Client Materials"). Otherwise, Stroz Friedberg may retain Client Materials for three years, whereupon Stroz Friedberg reserves the right to destroy that data and any Engagement information pursuant to its standard document and electronic data destruction policy.

2

Conflicts

This Engagement pertains to a discrete matter and would not preclude Stroz Friedberg from rendering services to other clients adverse to Client or PHP on matters that are not specifically related to this Engagement.

Miscellaneous

Client, PHP, and Stroz Friedberg agree that the Engagement shall be governed by and construed and enforced in accordance with the internal laws of the State of New York (as opposed to the conflict of law provisions) as an agreement made and to be performed entirely within such State.  Client, PHP, and Stroz Friedberg agree that this Agreement (a) may not be modified or amended, except by a writing signed by each party; (b) shall be binding upon each  party, its successors and permitted assigns; and (c) contains the entire agreement and understanding among Client, PHP, and Stroz Friedberg with respect to the subject matter hereof and supersedes all prior agreements and understandings, written or oral, among Client, PHP, and Stroz Friedberg with respect to the subject matter hereof.  No provision of this Agreement may be waived except in writing by the party against whom such waiver is sought to be enforced.  No express or implied waiver, breach or default by any party of any provision of this Agreement shall constitute a continuing waiver of such provision or of any other provision of this Agreement.  Client, PHP, and Stroz Friedberg hereby consent to the jurisdiction of the Supreme Court of the State of New York for the County of New York and the United States District Court for the Southern District of New York for all purposes in connection with the Engagement, and further consent that any process or notice of motion may be served as a notice, if in writing and given by (i) prepaid certified or regular first class mail, (ii) personal delivery, or (iii) nationally recognized overnight delivery service at the addresses set forth at the beginning of this letter, and shall be deemed given when sent, within or without the State of New York, provided a reasonable time for appearance is allowed. PHP appoints Client as its agent for service of process with respect to this Engagement.

If you find this letter satisfactory, kindly return an executed copy together with a check or wire transfer in the amount of $7,500.  Stroz Friedberg looks forward to working with you.

Very truly yours,

STROZ FRIEDBERG, LLC

By: _____
        Kenneth A. Mendelson
        Managing Director

AGREED TO AND ACCEPTED:

DICKSTEIN SHAPIRO, LLP

By: _____
        Victoria A. Kummer

ACKNOWLEDGED AND AGREED TO:

PHOENIX HELIPARTS, INC.

By: _____
        Tina Cannon
        President

3